IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GARY D. WILLIAMS                                                                    PETITIONER

v.                                                                                  No. 1:14CV4-SA-DAS

STATE OF MISSISSIPPI, ET AL.                                                        RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Gary D. Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Williams has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Gary Darnell Williams pled guilty to felony possession of cocaine in the Circuit Court of Webster County, Mississippi. Williams was sentenced on February 16, 2011, to serve a term of eight years, with three years to serve in the custody of the Mississippi Department of Corrections with five years on post-release supervision. By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Williams signed a state motion for post-conviction collateral relief on July 31, 2012, which was stamped "filed" in that court on August 6, 2012. Williams' motion was denied by Order of the Webster County Circuit Court filed August 22, 2012. Williams did not appeal the lower court's denial of post-conviction relief.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Williams' conviction became final on February 16, 2011, the date he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the deadline for Williams to seek federal *habeas corpus* relief became February 16, 2012 (February 16, 2011 + 1 year). Williams did not submit a properly filed application for state post-conviction relief (as contemplated by 28 U.S.C. § 2244(d)(2)) on or before February 16, 2012. As Williams did not sign his motion for post-conviction relief until July 31, 2012, some 166 days after the one-year federal deadline, he does not enjoy statutory tolling of the federal limitations period during the

pendency of this state post-conviction motion. *See Roberts v. Cockrell, supra; Flanagan v. Johnson*, *supra*; *Davis v. Johnson*, 158 F.3d 806 (5th Cir.1998). Hence, the deadline for seeking federal *habeas corpus* relief remains February 16, 2012.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date Williams delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 26, 2013, and the date it was received and stamped as "filed" in the district court on December 2, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 649 days after the February 16, 2012, filing deadline. Williams has not alleged any "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999); thus, the instant petition will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of November, 2014.

/s/ Sharion Aycock
CHIEF JUDGE
U. S. DISTRICT COURT